UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:     BKY 15-34150
Chapter 12

Richard and Jacklyn Denelsbeck,

    Debtors.

## NOTICE OF HEARING AND MOTION FOR DISMISSAL

TO: All creditors and parties in interest pursuant to Local Rule 2002-4.

    1.      Kyle L. Carlson, chapter 12 trustee, moves to dismiss this case.

    2.      The court will hold a hearing on this motion at 10:30 a.m. on June 1, 2016, in Courtroom 7 West, 7th Floor, U.S. Courthouse, 300 South 4th Street, Minneapolis, MN 55415.

    3.      Any response to this motion must be filed and served not later than May 27, 2016, which is five days before the time set for the hearing (including Saturdays, Sundays and legal holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.      This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. The motion is brought pursuant to 11 U.S.C. § 1208, Bankruptcy Rule 1017, and Local Rule 1017-2. This case is pending before this court.

    5.      The plan filed by the debtors on 2/25/16 was denied confirmation by the Court on 5/2/16. Failing to file a plan is cause for dismissal. *See* 11 U.S.C. § 1208(c)(3).

    6.      Based on the debtors' schedules, testimony at the 341 meeting of creditors, past farming performance, and representations made at the most recent hearing on the debtors' motion for use of cash collateral, the trustee contends that the debtors do not have the ability to adequately cash flow their farming operation while attempting to carry such a significant secured debt load. Without the debtors' acquiescence to the sale of a portion of their real estate to decrease the secured debt payments, there is not a reasonable likelihood of rehabilitation, plan completion, or successful operation of the farm for the duration of the chapter 12 plan. *See* 11 U.S.C. § 1208(c)(9). In addition, continued delay without payments to creditors and without a reasonable likelihood of the confirmation of a feasible plan is prejudicial to creditors and is cause for dismissal. *See* 11 U.S.C. § 1208(c)(1).

     WHEREFORE, the trustee moves the court for an order dismissing the case and such other relief as may be just and equitable.

Dated: 5/4/16                                /e/ Kyle L. Carlson
                                               Kyle L. Carlson
                                               Chapter 12 & 13 Trustee
                                               PO Box 519
                                               Barnesville, MN 56514
                                               218-354-7356

## VERIFICATION

  I, Kyle L. Carlson, chapter 12 trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 5/4/16

                  /e/ Kyle L. Carlson
                  Kyle L. Carlson, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                               Case No. 15-34150
                                                                                                      Chapter 12
Richard and Jacklyn Denelsbeck,

       Debtors.

## MEMORANDUM OF FACTS AND LAW

### I.  FACTS

The facts supporting the objection are set forth in the attached verified motion. In addition, the trustee also relies on the representations made by the debtors at the 341 meeting of creditors and in their filed schedules.

### II.  NO PLAN FILED

Failing to file a plan is cause for dismissal. *See* 11 U.S.C. § 1208(c)(3). The plan filing requirement of Section 1221 applies in those situations were a prior plan was denied confirmation and the consequence for failing to file a subsequent plan is dismissal under Section 1208(c)(3) *See Matter of Garcia*, 115 B.R. 169 (Bankr.N.D.Ind. 1990) (chapter 13)(dismissing a case for a debtor's failure to file a modified plan following the denial of a filed plan).

Here, the plan filed by the debtors on 2/25/16 was denied confirmation by the Court on 5/2/16. A modified plan has not been filed and as a result, the case should be dismissed pursuant to 11 U.S.C. § 1208(c)(3).

### III.  UNREASONABLE DELAY

The Bankruptcy Code outlines the circumstances justifying dismissal of a case in section 1208(c). Specifically, subpart (c)(1) provides, "the court shall dismiss a case under this chapter for cause, including . . . unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors . . . ." 11 U.S.C. § 1208(c)(1). The Code does not specify a particular length of delay that is considered per se "unreasonable" or "prejudicial;" however, examples of what courts have found to be unreasonable are abundant. *See, e.g., United States v. Suthers (In re Suthers)*, 173 B.R. 570 (W.D. Va. 1994) (ruling the bankruptcy court's decision not to dismiss a case was an abuse of discretion, when the debtor failed to confirm multiple amended plans over a span of just under three years and violated various court orders, and directing dismissal of the petition for "unreasonable delay"); *In re Carroll*, No. 13-08930, 2014 WL 3571535 (Bankr. W.D. Mich. July 14, 2014) (holding the debtors' failure to file an amended plan "promptly," as indicated by the court's denial of confirmation of an earlier plan and refusal to adjourn the hearing, was "unreasonable" under the circumstances and ran afoul of the intended "swift" disposition of chapter 12 cases); *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth),* 455 B.R. 904, 914 (9th Cir. BAP 2011) ("A debtor's unjustified failure to expeditiously accomplish

any task required either to propose or confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)." In determining if cause for dismissal exists, a court should consider the specific facts of each case, including the length of the delay, the reason for or explanation of the delay, the impact of the delay on creditors, and how close the debtor is to having a viable plan ready for confirmation. *See In re Dickenson*, case no. 13-71283 (Bankr. W.D. Va., 2014).

The general principles that guide whether this case should be dismissed for "unreasonable delay" were articulated by Chief Judge Sigmund in *In re Wile*, 310 B.R. 514, 517 (Bankr. E.D. Pa. 2004 ):

> In enacting the Bankruptcy Code, Congress carefully balanced the rights of debtors and creditors. For example, while the automatic stay enjoins creditor action against the debtor and her property, it provides the creditor with adequate protection of its interest in the debtor's property so that its position does not deteriorate while it is statutorily enjoined. Moreover, it is generally accepted that the debtor's burden to demonstrate that a reorganization is in process increases with the passage of time. Finally, because creditors' rights are constrained during the pendency of Chapter 13 proceedings, the Bankruptcy Code contemplates that a plan will be promptly confirmed so that payments to creditors may commence. Id. at 517 (citation and footnoted omitted).

Here, continued delay without payments to creditors and without a reasonable likelihood of the confirmation of a feasible plan is prejudicial to creditors and is cause for dismissal. *See* 11 U.S.C. § 1208(c)(1).

## IV.   CONCLUSION

Based on the foregoing, the trustee requests that the case be dismissed.

Dated:  5/4/16                                      /s/ Kyle L. Carlson
                                                    Kyle L. Carlson
                                                    Chapter 12 & 13 Trustee
                                                    PO Box 519
                                                    Barnesville, MN 56514

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  BKY 15-34150
Chapter 12

Richard and Jacklyn Denelsbeck,

    Debtors.

**ORDER**

This case is before the court on the motion of trustee Kyle L. Carlson for an order dismissing the case of Richard and Jacklyn Denelsbeck, BKY 15-34150,

    Based on the motion and file,

    IT IS ORDERED THAT:

    1.    The debtors' chapter 12 case is hereby DISMISSED.

    2.    The trustee shall distribute available funds, if any under 11 U.S.C. § 1226 to creditors in accordance with the plan.

Dated:

_____
Michael E. Ridgway
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                             BKY 15-34150
                                                                                             Chapter 12

Richard and Jacklyn Denelsbeck,

        Debtors.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

       The undersigned, being an employee of the chapter 12 trustee, declares that on the date indicated below, I served the attached Notice of Hearing and Motion for Dismissal upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

RICHARD AND JACKLYN DENELSBECK
1198 CHESTNUT STREET
DAWSON, MN 56232

U.S. ATTORNEY ANDREW M. LUGER
U.S. COURTHOUSE
300 S 4TH STREET
SUITE 600
MINNEAPOLIS, MN 55415

ALL CREDITORS ON ATTACHED MATRIX

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 5/4/16

                                                     /e/ Jamie Swenson
                                                     Jamie Swenson
                                                     Chapter 12 Office

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0864-3<br>Case 15-34150<br>District of Minnesota<br>St Paul<br>Tue May  3 14:13:58 CDT 2016 | St Paul<br>200 Warren E Burger Federal Building and<br>US Courthouse<br>316 N Robert St<br>St Paul, MN 55101-1465 | ACMC<br>PO BOX 1318<br>WILLMAR MN 56201-1318 |
| BROWN CLINIC<br>PO BOX 50<br>WATERTOWN SD 57201-0050 | CO-OP CREDIT UNION<br>P.O. BOX 38<br>CANBY MN 56220-0038 | CO-OP CREDIT UNION OF MONTEVIDEO<br>C/O Kurt M. Anderson<br>PO Box 15667<br>Minneapolis MN 55415-0667 |
| CURT BRADFORD<br>BRADFORD LAW OFFICE<br>16 WASHINGTON AVE STE 102<br>HUTCHINSON MN 55350-2482 | Deere & Company<br>P.O. BOX 6600<br>Johnston, IA 50131-6600 | INDEPENDENT OIL & SPORTS LLC<br>106 FIRST STREET EAST<br>CANBY MN 56220-1343 |
| JOHN DEERE FINANCIAL<br>6400 NW 86TH STREET<br>PO BOX 6600<br>JOHNSTON IA 50131-6600 | John Deere Financial, f.s.b.<br>P.O. BOX 6600<br>Johnston, IA 50131-6600 | LAC QUI PARLE CO-OP OIL CO<br>PO BOX 350<br>DAWSON MN 56232-0350 |
| MADISON HEALTH CARE SERVICES<br>900 SECOND AVENUE<br>MADISON MN 56256-1006 | MAYO CLINIC<br>PO BOX 4004<br>ROCHESTER MN 55903-4004 | RCIS<br>CROP INSURANCE<br>PO BOX 38<br>ANOKA MN 55303-0038 |
| SANFORD HEALTH<br>PO BOX 5070<br>SIOUX FALLS SD 57117-5070 | TROY & MELISSA DENELSBECK<br>2411 190TH STREET<br>CANBY MN 56220-3372 | US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 |
| YELLOW MEDICINE CO ABSTRACT<br>PO BOX E<br>802 PRENTICE STREET<br>GRANITE FALLS MN 56241-1521 | YELOW MEDICINE COUNTY<br>AUDITOR - TREASURER<br>180 8TH AVENUE<br>GRANITE FALLS MN 56241-1508 | Douglas D. Kluver<br>Kluver Law Office & Mediation Center PLL<br>1319 Grove Ave<br>PO Box 486<br>Montevideo, MN 56265-0486 |
| J. Richard Stermer<br>Stermer & Sellner, Chtd.<br>102 Parkway Drive<br>PO Box 514<br>Montevideo, MN 56265-0514 | Jacklyn M. Denelsbeck<br>1198 Chestnut Street<br>Dawson, MN 56232-2227 | Krystal M. Lynne<br>Stermer & Sellner, Chtd.<br>PO Box 514<br>102 Parkway Drive<br>Montevideo, MN 56265-1427 |
| Kyle Carlson<br>PO Box 519<br>Barnesville, MN 56514-0519 | Richard M Denelsbeck<br>1198 Chestnut Street<br>Dawson, MN 56232-2227 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.